UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JIMMY D. WALKER,<br><br>   Plaintiff,<br><br>  v.<br><br>NEW YORK MARINE AND GENERAL INSURANCE COMPANY,<br><br>   Defendant. | Case No. 4:17-cv-00769-NKL |

## ORDER

Plaintiff Jimmy D. Walker moves to remand this case to the Circuit Court of Jackson County, Missouri, from whence defendant New York Marine and General Insurance Company ("New York Marine") removed it. For the reasons set forth below, the motion is granted.

### I. BACKGROUND

Plaintiff Walker alleges that in February 2015, while operating a tractor-trailer in Hartley, Texas, he was struck by a tractor driven by an uninsured motorist. Mr. Walker claims to have been "seriously and permanently injured" as the result of the collision. At the time of the collision, Mr. Walker allegedly was insured, under a policy issued to his employer, by defendant New York Marine. Mr. Walker presented to New York Marine a demand to settle his claims for the lesser of either $1 million or the policy limit. Despite Mr. Walker's follow-up efforts, New York Marine did not respond to the settlement demand.

Mr. Walker subsequently filed suit against New York Marine, alleging breach of the insurance contract and vexatious refusal to pay. His state court petition sought (i) damages in an unspecified amount, (ii) attorneys' fees in the amount of 25% of the verdict, (iii) vexatious damages in the amount of 20% of the first $1,500 awarded and 15% thereafter, as well as costs.

After Mr. Walker filed suit, New York Marine's counsel advised him that $50,000 was the maximum amount of insurance coverage available for Mr. Walker's claims arising from the collision with the uninsured motorist.

New York Marine removed the case to federal court on the ground of diversity jurisdiction. Mr. Walker now moves for remand of the case to the state court in which it originated.

## II. STANDARD

A defendant in a state court civil action may, under certain conditions, remove to federal district court a case over which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). A federal district court has diversity jurisdiction if (i) the amount in controversy exceeds $75,000, and (ii) the plaintiff's state of citizenship is different from the state of citizenship of the defendant. *See* 28 U.S.C. § 1332(a). The Court should remand a case "if it appears that [it] lacks subject matter jurisdiction." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citing 28 U.S.C. § 1447(c)).

As the party seeking to remove the case, New York Marine "has the burden to establish federal subject matter jurisdiction . . . ." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1192 (8th Cir. 2015) (quotation marks and citation omitted). Where the complaint does not allege a specific amount of damages, the removing party "must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *McCord v. Minn. Mut. Life Ins. Co.*, 346 F.3d 830, 834 (8th Cir. 2003). The pertinent question is not whether the damages *will* exceed the jurisdictional amount, but whether a fact-finder *might* legally find that they would. *See Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009).

Any doubt concerning whether the Court has jurisdiction "must be resolved in favor of remand." *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

**III.     DISCUSSION**

Mr. Walker argues that removal was improper because this case does not meet the amount-in-controversy requirement. New York Marine contends that the following facts establish that Mr. Walker seeks more than the threshold amount of $75,000:

- On May 10, 2017, and again on August 18, 2017, Mr. Walker made a verbal settlement demand of $ 1 million.
- Mr. Walker's alleged injuries are severe enough to satisfy the amount-in-controversy requirement.
- When combined, Mr. Walker's claims for actual damages, even as limited by the policy, along with extra-contractual damages and attorneys' fees, exceed $75,000. Specifically,
    - The policy limit is $50,000.
    - Mr. Walker additionally seeks extra-contractual damages totaling $5,150 pursuant to Missouri Revised Statute Section 375.420. (This statute permits a fact-finder to award damages against an insurer under certain circumstances in the amount of "twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee." RSMo. § 375.420. $5,150 is the sum of (i) 20% of the first fifteen hundred dollars, or $300, and (ii) 10% of the remaining $48,500, or $4,850.
    - Finally, Mr. Walker seeks attorneys' fees, and New York Marine insists that these fees undoubtedly will exceed $20,000.

In reply, Mr. Walker insists that:

- Plaintiff's petition did not make a specific monetary claim of damages.
- The amount of damages actually at issue is $50,000, the maximum amount available under the insurance policy.
- The agreement between Mr. Walker and his counsel caps attorneys' fees at 25% of any recovery obtained. 25% of $55,150 is $13,787.50.

Thus, according to Mr. Walker, the total amount in controversy—considering actual damages recoverable, the $5,150 that may be owed pursuant to Section 375.420, and potential attorney fees—is no more than $68,937.50.

3

In fact, the attorney agreement Mr. Walker cites indicates that his attorney may get up to one-third of Mr. Walker's recovery. *See* Doc. 19-1 ("The fee to be charged on the gross recovery, including pre and post-judgment interest, is as follows: . . . 3. 1/3 if settled within four months of trial (the initial scheduled trial setting) or thereafter."). Putting aside interest calculations, then, Mr. Walker may incur up to 33% of $55,150, or approximately $18,199.50, in attorneys' fees. This would put his total potential award, minus interest, at $73,349.50.[1]

The parties' contentions raise the question of whether Mr. Walker's alleged $1 million settlement demand, alleged severe injuries, or potential attorneys' fees could bring the amount at issue above the $75,000 threshold.

### a. The Purported $1 Million Settlement Demand

New York Marine claims that Mr. Walker made an oral settlement demand of $1 million and that this fact alone raises the amount in controversy above the $75,000 jurisdictional threshold.

New York Marine bears the burden of establishing "by a preponderance of the evidence" that more than $75,000 is at issue. *McCord*, 346 F.3d at 834. Yet, it has presented no evidence at all. The bare claim that Mr. Walker made an oral settlement demand of $1 million, which is unsupported by a sworn statement of a person with knowledge of the facts, is not evidence. *See Malin v. Starmark*, No. 01-2943, 2001 U.S. App. LEXIS 26523, at 2 (affirming district court decision based in part on fact that party "presented no sworn statement or other evidence"). New York Marine does cite the allegation in Mr. Walker's petition that he made a $1 million

---

[1] The petition itself seeks attorneys' fees only "in the amount of twenty-five (25%) of the verdict" (*see* Doc. 1-1, at 5) but regardless of whether attorneys' fees are to equal 25% or 33% of the damages, the total award would be under $75,000, so the Court need not decide which of the two figures to use in determining the amount in controversy.

4

settlement demand. *See* Doc. 1-1, ¶ 8. But the relevant paragraph in the petition alleges that "New York Marine was presented with a demand for settlement for One Million Dollars ($1,000,000.00) *or policy limits of insurance, whichever is less*." *Id.* (emphasis added). Thus, the only evidence of Mr. Walker's purported $1 million settlement demand is a statement that Mr. Walker sought the *lower of* $1 million or the policy limit, which both parties now recognize is just $50,000. *See* Doc 13, at 4, ¶ 10(a); Doc. 19, at 2, ¶ 6. In other words, the settlement demand described in the petition was for $50,000, which is not sufficient to bring the amount in controversy above the $75,000 threshold.

### b. The Severity of Mr. Walker's Purported Injuries

New York Marine argues that the severity of Mr. Walker's alleged injuries warrants a finding that the amount in controversy is higher than $75,000. Yet, New York Marine already has acknowledged that, because of the policy limit, Mr. Walker could secure damages of no more than $55,150 if he were to prevail on either or both of his claims. Thus, even if Mr. Walker's injuries are severe, the amount in controversy attributable to those injuries could not exceed $55,150, as a matter of law.[2] In short, Mr. Walker's alleged injuries alone cannot bring this case within the jurisdiction of the Court.

---

[2] New York Marine cites *Neighbors v. Muha* in support of its argument that "an extensive list of serious and disabling injuries suffered by the plaintiff" might show that the amount-in-controversy requirement is met. But there was no cap on damages in that case, as there is here. *See id.*, No. 05-0472, 2005 U.S. Dist. LEXIS 39821, at **5-11 (W.D. Mo. Sep. 26, 2005). Moreover, *Neighbors* expressly states that "[i]t is not enough to submit," as New York Marine in effect does here, "that, because the Plaintiff sustained injuries of unknown severity to various parts of her body, and she labeled her loss of income 'substantial' and her pain and suffering 'significant,' the amount in controversy requirement is therefore met." *Id.* at **7-8.

5

### c. **Attorneys' Fees**

New York Marine's final argument is that Mr. Walker's claim for attorneys' fees carries his $55,150 claim for damages over the jurisdictional threshold of $75,000.

Although the Eighth Circuit has not yet decided how attorney fees should be calculated for the purpose of determining whether the amount in controversy is sufficiently high to confer federal jurisdiction, other federal appellate courts and district courts within this Circuit that have considered the issue have employed one of two different methods. *See Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958-59 (7th Cir. 1998) (ruling that the attorneys' fees incurred at the time of the suit should be used in determining whether the jurisdictional threshold has been met); *Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (considering the reasonable attorney fees that might be incurred throughout the action in determining that jurisdictional requirements were met).

This Court has held that "'jurisdiction is measured by the amount . . . as of the time of the suit, not by the end result.'" *Walz v. FedEx Office & Print Servs.*, No. 12-04188, 2012 U.S. Dist. LEXIS 157437, at *9 (W.D. Mo. Nov. 2, 2012) (Laughrey, J.) (ellipsis in original, quoting *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 349 (8th Cir. 2007)). The Court reasoned that legal fees that have not yet been—and may never be—incurred are not "'in controversy' at the outset of the suit[]." *Walz*, 2012 U.S. Dist. LEXIS 157437, at *9 (quoting *Gardynski-Leschuck*, 142 F.3d at 959). Moreover, given that they are both avoidable and variable, the Court was "reluctant to speculate too liberally with regard to attorneys' fees" that the plaintiff may incur. *See Walz*, 2012 U.S. Dist. LEXIS 157437, at *9.

Yet, some other district court decisions within the Eighth Circuit, including one decision from this district, have looked not to those attorney fees incurred at the outset, but to those fees that might be incurred by the end of the litigation. *See Robertson v. Nationwide Ins. Co. of Am.*,

No. 13-00712, 2014 U.S. Dist. LEXIS 193303, at *7 (W.D. Mo. Jan. 30, 2014) ("[u]sing likely reasonable fees as the standard" for determining whether legal fees could put the amount in controversy over the jurisdictional threshold); *Mueller v. Radioshack Corp.*, No. 11-0653, 2011 U.S. Dist. LEXIS 148802, at *8 (D. Minn. Dec. 28, 2011) (considering "likely future attorney's fees for purposes of determining the amount in controversy"); *Feller v. Hartford Life and Acc. Ins. Co.*, 817 F. Supp. 2d 1097, 1107 (S.D. Iowa 2010) (finding that "it is rational to include the future legal expenses in calculating the amount in controversy").

Under either methodology, New York Marine has failed to establish that Mr. Walker's attorneys' fees would be sufficiently high to confer federal jurisdiction. New York Marine furnishes nothing more than speculation that Mr. Walker's attorneys' fees will be high enough to meet the amount-in-controversy requirement. *See* Doc. 13, at 4-5 ("Although the amount of Walker's attorney's fees are undetermined at this time, the attorney's fees to investigate and prepare the petition, brief a motion to remand, brief a motion to dismiss, complete other motion practice, written discovery, document production, multiple out-of-state depositions, expert discovery, dispositive motions, and trial will exceed $20,000."). In contrast, Mr. Walker has furnished a copy of his agreement with his counsel, which caps his attorney fees—outside of any interest award—at $18,199.50, and which would put his total potential award (minus interest) at $73,349.50, just below the $75,000 threshold. *See* Doc. 19-1. If this case is resolved at least four months before trial, Mr. Walker's attorneys' fees will be substantially lower—in line with the 25% of the verdict that Mr. Walker's seeks in his petition. *See id*. Thus, the attorneys' fees cannot raise the amount in controversy above $75,000.

The facts presented here are remarkably similar to those in *Robertson*. In that case, too, there was a $50,000 policy maximum under the uninsured motorist provision, and a potential

$5,150 award for the claim of vexatious refusal to pay. *See Robertson*, 2014 U.S. Dist. LEXIS 193303, at *1, *4. Even though Judge Sachs chose to consider future attorneys' fees, and not just those incurred at the outset of the litigation, he concluded that it was unlikely that the attorneys' fees would exceed the $20,000 required to bring the case above the amount-in-controversy threshold, and remanded the case to state court. *See id.*, at *7. New York Marine has presented no compelling reason to reach a different result here.[3]

The Court thus finds that New York Marine has failed to establish by a preponderance of the evidence that Mr. Walker's attorney fees would raise the amount in controversy above $75,000.

## IV. **CONCLUSION**

For the reasons set forth above, the Court lacks subject matter jurisdiction over this matter, and the case is remanded to the Circuit Court of Jackson County.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: October 2, 2017
Jefferson City, Missouri

---

[3] New York Marine's argument that subsequent events cannot be introduced to reduce the amount in controversy misses the mark. It is clear that the amount in controversy requirement is not met here, not because of any subsequent events, but because of the unchanged facts of the policy limit of $50,000 and Mr. Walker's fee agreement with his attorney, dated February 2, 2015, which caps fees at 33% of his recovery (*see* Doc. 19-1), or Mr. Walker's petition, which seeks fees in the amount of 25% of his verdict (*see* Doc. 1-1). Although Mr. Walker may not have known that the policy limit was $50,000 when he filed this action in state court, and although New York Marine may not have known when it removed this case that plaintiff's counsel would receive a fee of no more than 33% of Mr. Walker's recovery, both of these facts were true both when this suit was filed and when it was removed. The facts indisputably are properly considered upon this motion. *Cf. Hollenbeck v. Outboard Marine Corp.*, 201 F. Supp. 2d 990, 993 (E.D. Mo. 2001) ("The amount in controversy is determined as of the time the action is commenced in federal court and *subsequent* events cannot destroy the court's jurisdiction once it has been acquired.") (emphasis added).